UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT LEE MORROW,

Plaintiff,

v.

P. RUIZ, *et al.*,

Defendants.

Case No. 1:26-cv-05740-EPG (PC)

ORDER DENYING PLAINTIFF'S MOTION TO APPOINT PRO BONO COUNSEL

(ECF No. 15)

Plaintiff Robert Lee Morrow is proceeding *pro se* and *in forma pauperis* in this civil action filed pursuant to 42 U.S.C. § 1983. On September 11, 2026, Plaintiff filed his First Amended Complaint[1] (ECF No. 14), alleging that correctional officer defendants used excessive force against him in violation of the Eighth Amendment when officers grabbed his arm, pushed him against a wall, and pushed down on his shoulders, forcing him into a nearby chair. (*Id.* at 5).

On September 11, 2026, Plaintiff also filed a motion to appoint pro bono counsel. (ECF No. 15). Plaintiff asks the Court to appoint him counsel because he cannot afford to hire a lawyer, his "imprisonment will greatly limit his ability to litigate the case," and the complexity of the issues in this case would be difficult for Plaintiff who has never been a party to a civil proceeding. (*Id.* at 1-2).

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28

[1] The Court will screen the First Amended Complaint in due course.

U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case and, at this time, is unable to determine that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

Accordingly, IT IS ORDERED that Plaintiff's motion to appoint pro bono counsel is DENIED without prejudice. (ECF No. 15).

IT IS SO ORDERED.

Dated: **September 16, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE