UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE MORROW,<br>Plaintiff,<br>v.<br>P. RUIZ, *et al.*,<br>Defendants. | Case No. 1:26-cv-05740-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED AS TIME-BARRED<br><br>(ECF No. 14)<br><br>THIRTY (30) DAY DEADLINE |

Plaintiff Robert Lee Morrow is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 9). Plaintiff filed the complaint commencing this action on February 9, 2026.[1] (ECF No. 1). Plaintiff alleged that correctional officer P. Ruiz and two other correctional officers used excessive force against him and tampered with his property at some unidentified time. (*Id.*). On July 30, 2026, the Court issued a screening order finding Plaintiff failed to state any cognizable claims and granting leave to amend. (ECF No. 13).

Plaintiff filed his First Amended Complaint on September 11, 2026. (ECF No. 14). Plaintiff alleges that Defendant P. Ruiz and his partner, Defendant John Doe 1, used excessive force against him and that Defendant John Doe 2, Warden of Valley State Prison ("VSP"),

[1] On July 23, 2026, this case was transferred from the Sacramento division to the Fresno division. (ECF No. 11).

failed to properly supervise Defendants Ruiz and John Doe 1. (ECF No. 14).

The Court has reviewed the First Amended Complaint and will order Plaintiff to show cause as to why this action should not be dismissed as barred by the statute of limitations.

**I. STATUTE OF LIMITATIONS**

It appears from the face of the amended complaint that Plaintiff's claims are barred as untimely under the statute of limitations.

California's two-year statute of limitations for personal injury actions applies to § 1983 claims. *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Civ. Proc. Code § 335.1.

The statute of limitations can be tolled for various reasons. Whether Plaintiff is entitled to equitable tolling is also determined by California law, except to the extent that California laws are inconsistent with federal law. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

Equitable tolling "operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Id.* at 928 (quoting *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 370 (2003)) (internal quotation marks omitted). Under California law, there is a "three-pronged test for invocation" of the equitable tolling doctrine: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim." *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983) (footnote omitted); *Addison v. State of California*, 21 Cal. 3d 313, 319 (1978); *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1133 (9th Cir. 2001) (*en banc*). "Application of California's equitable tolling doctrine 'requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the … limitations statute.'" *Jones*, 393 F.3d at 928 (quoting *Lantzy*, 31 Cal. 4th at 371)).

"Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic: 'It has long been settled in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil

action, the running of the limitations period is tolled during the time consumed by the administrative proceeding.'" *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 101 (2008) (quoting *Elkins v. Derby,* 12 Cal. 3d 410, 414 (1974)); see also *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.").

Additionally, California Code of Civil Procedure § 352.1(a) provides: "If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years."

"Although courts look to state law for the length of the limitations period, the time at which a § 1983 claim accrues is a question of federal law, conforming in general to common-law tort principles. That time is presumptively when the plaintiff has a complete and present cause of action…." *McDonough v. Smith*, 588 U.S. 109, 155 (2019) (citations and internal quotation marks omitted).

**B. Analysis**

Plaintiff states twice in his amended complaint that the incident at issue took place on February 25, 2005. (ECF No. 14 at 5, 6). Plaintiff filed this action on February 9, 2026. (ECF No. 1). Thus, Plaintiff filed this action approximately 21 years after the incident alleged in the First Amended Complaint.

Even assuming Plaintiff is entitled to tolling because he is imprisoned for a term of less than life, Plaintiff had four years from the date his claim accrued to bring his section 1983 claims, absent any additional tolling. Thus, based on the face of Plaintiff's First Amended Complaint, it appears that Plaintiff's section 1983 claims are time-barred.

Accordingly, the Court will order Plaintiff to show cause as to why his federal claims should not be dismissed as barred by the statute of limitations.

\\\

\\\

## II. ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause as to why his federal claims should not be dismissed as barred by the statute of limitations; and

2. If Plaintiff fails to file a response to this order, the Court will issue findings and recommendations to a district judge, recommending dismissal of this action

IT IS SO ORDERED.

Dated: **October 4, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE